HARRY GAINER v. THE STATE.

No. 6326. Decided June 15, 1921.

1.—Seduction—Accomplice—Corroboration—Rule Stated—Promise of Marriage.

The law requires corroboration to both the act of intercourse and the promise of marriage, and where the evidence sufficiently corroborated the accomplice testimony, there was no reversible error, following Nash v. State, 61 Texas Crim. Rep., 287, and other cases.

2.—Same—Newly Discovered Evidence—Unchastity of Prosecutrix.

Where the motion for new trial showed that the prosecutrix before her relations with the defendant were established, and about the same time, had submitted her person to other men, a new trial should have been granted under the facts of the instant case. Following Vantresse v. State, 59 Texas Crim. Rep., 281, and other cases.

3.—Same—Witness—Practice on Trial Court—Diligence.

Where the State contended that the presence of defendant's witness at the trial and the failure to use him was conclusive against the defendant upon the question of diligence, but the record on appeal showed that the said witness suppressed the alleged testimony as to prosecutrix and chastity at the time of the trial, and that neither defendant nor his counsel was aware of this, a new trial should have been granted. Following Fisher v. State, 30 Texas Crim. App., 507, and other cases.

4.—Same—Motion For New Trial—Newly Discovered Evidence.

Where the State simply controverted the truth of the newly discovered evidence, but did not call in question defendant's ability on another trial to produce it, a new trial should have been granted.

Appeal from the District Court of Matagorda. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of seduction; penalty, six years' imprisonment in the penitentiary.

The opinion states the case.

*Cramer & Perry*, and *W. M. Holland*, for appellant.—On question of corroboration: Woolley v. State, 96 S. W. Rep., 27; Howe v. State, 102 id., 409; Bush v. State, 157 id., 944; Stapp v. State, 144 id., 941.

*R. H. Hamilton*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of seduction; punishment fixed at confinement in the penitentiary for a period of six years.

The prosecutrix testified to her seduction by the appellant. The law, it is true, requires corroboration to both the act of intercourse and the promise of marriage, but without detailing them, we express the view that the corroborating evidence in the instant case was not insufficient as a matter of law. Slaughter v. State, 86 Texas Crim. Rep., 527, 218 S. W. Rep., 767; Nash v. State, 61 Texas Crim. Rep., 287; Wright v. State, 31 Texas Crim. Rep., 359. It is said in one of the cases cited: "The nature of the offense is such that it is necessary to accept slight circumstances for the purpose of corroboration. The jury must decide what corroborating evidence is true and its efficacy in meeting the measure of the law."

On the promise of marriage there was evidence of association, and the declaration by appellant, in the presence of the mother of prosecutrix, that "we are to be married on the 17th of September." This was related by the mother and in connection therewith surrounding circumstances from which the jury was authorized to draw the inference that the statement referred to the prosecutrix. There were also circumstances disclosed by the testimony of other witnesses sufficient to support the finding of the jury that the prosecutrix was corroborated upon the act of intercourse.

Appellant sought a new trial on the ground of newly discovered evidence. This evidence consisted in testimony to the effect that the prosecutrix, before her relations with the appellant were established and about the same time, had submitted her person to other men. According to the motion for new trial, which was sworn to, and the affidavit of one Taylor, which was attached thereto, there would have been available to the appellant upon another trial direct and positive evidence to this important fact. According to the testimony of the prosecutrix, a woman approximately twenty-four years of age, she submitted to the appellant's embraces within sixteen days after she met him for the first time. The testimony of the prosecutrix concerning the persuasive acts usually occurring antecedent to such an affair is meager and that corroborating her more so.

Appellant testified disclaiming entirely the relations imputed to him by the prosecutrix. He used witnesses testifying to circumstances tending to support his theory but was able to present no affirmative testimony of her want of chastity. If she was unchaste, he was not

guilty. Mrous v. State, 31 Texas Crim. Rep., 599; Vantresse v. State, 59 Texas Crim. Rep., 281; Simmons v. State, 54 Texas Crim. Rep., 625; Branch's Ann. Penal Code, Sec. 2693.

Taylor was summoned as a witness and appeared at the trial, but was not used. It affirmatively appears from the motion for new trial and from the affidavit of Taylor attached thereto that at the trial he denied to both the appellant and his counsel that he knew or would testify to knowledge of intercourse of the prosecutrix with other men. It appears from his affidavit that he suppressed this fact because he was one of those who had had intercourse with her and that he feared that if he disclosed the fact it would result in his prosecution. He further declared that she did not submit to him upon any promise of marriage but that his relations with her were with her consent without such promise. The State made an issue as to the truth of the testimony but with reference to the diligence to procure it did not controvert the facts set out. The contention is made that the presence of the witness at the trial and the failure to use him is conclusive against the appellant upon the question of diligence. We think this view is not sound.

The record suggests nothing additional that might have been done by appellant or his counsel to procure the testimony. In no particular discerned by us did their efforts fall short of compliance with the rule controlling diligence as applied to newly discovered evidence. Fisher v. State, 30 Texas Crim. App., 507; Shrickland v. State, 13 Texas Crim. App., 371; Johnson v. State, 51 Texas Crim. Rep., 605; Black v. State, 71 Texas Crim. Rep., 625; Brown v. State, 42 Texas Crim. Rep., 177; Henson v. State, 74 Texas Crim. Rep., 277, 168 S. W. Rep., 91.

In controverting the motion for new trial, State's counsel presented affidavits contradicting the truth of the newly discovered evidence, but not calling in question appellant's ability on another trial to produce it. The conflict between the State's testimony, as disclosed by the affidavits, and the newly discovered evidence would form an issue which it was the right of appellant to have the jury decide.

The failure to procure the testimony not being chargeable to the fault of appellant or his counsel, it not being cumulative or impeaching evidence but material upon an issue going to the merits of the case and such as, if believed, would establish a defense, we think the trial court was not warranted in overruling appellant's motion for new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*