### JOHN GREGORY v. THE STATE.

No. 10577.    Delivered January 19, 1927.

**Sale of Intoxicating Liquor—New Trial—Newly Discovered Evidence—No Diligence Shown.**

Where a new trial is sought on the ground of newly discovered evidence, the appellant must show that he used due diligence to discover the absent testimony before his trial. In the case before us the absent testimony could have been discovered by the exercise of reasonable diligence, and appellant's motion for a new trial was properly overruled. See Nothaf v. State, 91 Tex. Crim. Rep. 378, and other cases cited.

Appeal from the District Court of Jasper County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*G. E. Richardson, B. A. Hamilton* and *J. A. Mooney,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor, with punishment assessed at one year in the penitentiary.

Roy Booker and Albert Jones testified that in December, 1923, they bought from appellant a half gallon of whiskey, which was to be divided equally between the purchasers, for which they were to pay $2.50 each. The whiskey was in a half gallon container which Booker carried to his house. Jones never received his part of the whiskey. Booker testified that he delivered Jones' part to one Gilbert and Matthews directing them to take it to Jones. If we understand the record it shows that the last two negroes (Gilbert and Matthews) when detected by the officers with the whiskey in their possession destroyed it. One of them was put in jail. He told the officers they bought the whiskey from Booker. Booker was then arrested and confined in jail. After a few days he gave information that he and Jones had purchased the whiskey from appellant. Gilbert and Matthews were not present at the trial. Appellant filed a motion for new trial, setting up that he had no knowledge of their connection with the matter until it was disclosed during the trial, and contended then and now that he was entitled to a new trial for the alleged newly discovered evidence of these two witnesses. He appends to his motion their affidavits and upon hearing the motion they were each called and testified. Matthews testified that he bought a quart and a pint of whiskey from Booker and agreed to pay him four dollars therefor. Upon cross-examination he admitted that Booker told him he had bought the whiskey that afternoon and said he wanted to send Jones some of it. Gilbert testified that they got some whiskey at Booker's house but does not claim to have witnessed the transaction between Booker and Matthews, but said he heard Matthews tell Booker that he (Matthews) would pay four dollars for the whiskey. It is appellant's contention that if he had the testimony of Matthews and Gilbert to the effect that the

whiskey found in their possession was purchased from Booker it would tend to defeat the state's case made by the testimony of Booker and Jones that they had purchased the whiskey from appellant.

It is a well understood rule that one seeking a new trial upon the ground of newly discovered evidence must show that a failure to discover the evidence prior to the trial was not because of lack of diligence, and also that it would likely produce a different result upon another trial. We deem it unnecessary to discuss the latter feature, because we think diligence was lacking in not discovering the evidence before the trial. The offense is alleged to have occurred in December, 1923. The indictment was returned the early part of January, 1924. The case was not tried until June, 1926. The state introduced evidence showing that immediately after the transaction out of which the prosecution grew appellant disappeared from his home and although the officers made search for him they failed to find him for some time. The record nowhere shows that appellant or his counsel made proper effort to ascertain the circumstances leading up to the charge against appellant of selling liquor to Booker and Jones. They were known to be witnesses. It is not shown that they were ever interrogated or were ever sought to be interrogated, relative to the matter, or that they refused in any way to disclose facts which would have led to the discovery of the witnesses Gilbert and Matthews. It appears that an officer arrested either Gilbert or Matthews and placed him in jail and that he was in jail at the same time state's witness Booker was being held there. An inquiry from the officers would have disclosed this incident and led to the discovery of Gilbert and Matthews. At the time of trial the officer said he did not then remember the names of the two parties, but stated he had placed one of them in jail. It occurs to us that proper diligence would have prompted an inquiry which if followed up would have discovered the two witnesses whose evidence is now claimed to have been newly discovered.

We think appellant does not bring himself within the rule of newly discovered evidence as recognized in Nothaf v. State, 91 Tex. Crim. Rep. 378, 239 S. W. 215, and the cases therein referred to. O'Hara v. State, 124 S. W. 95; McDowell v. State, 96 Tex. Crim. Rep. 512, 258 S. W. 186; Trigg v. State, 99 Tex. Crim. Rep. 376, 269 S. W. 782. For further collation of authorities see Branch's Ann. Tex. P. C., pp. 124-131, inclusive.

Finding no error in the record the judgment is affirmed.

*Affirmed.*