signed to the forged instrument was a fictitious name. This disposes of bills of exceptions Nos. 1 and 2 adversely to appellant's contention. Johnson v. State, 33 Tex. Cr. R. 271, 33 S. W. 231; Chapman v. State (Tex. Cr. App.) 34 S. W. 621; Mettall v. State, 89 Tex Cr. R. 216, 232 S. W. 315; Cobb v. State (Tex. Cr. App.) 286 S. W. 1086.

[2] Appellant's bill of exceptions No. 3 does not appear to have been examined and approved by the court, and for this reason will not be considered.

Appellant's bill of exceptions No. 4 complains that the statement of facts filed by the court as the statement of facts in this cause is not true and correct. This bill as qualified shows no error. Miller v. State (Tex. Cr. App.) 282 S. W. 812.

The facts are amply sufficient to justify the inference by the jury that the name signed to the check was in fact a fictitious person. The evidence is sufficient to show that the check was forged, and the verdict of the jury is amply supported by the facts.

There being no errors in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

### KINSLOW v. STATE. (No. 10673.)

(Court of Criminal Appeals of Texas. Jan. 19, 1927.)

Criminal law ⚖➝1144(½)—Regularity of trial for transporting liquor will be presumed, in absence of statement of facts and bills of exception.

Upon appeal from conviction for unlawfully transporting intoxicating liquor, in absence of statement of facts and bills of exception on record, reviewing court will presume all proceedings regular; offense having been properly charged in indictment.

Appeal from District Court, Lamar County; George P. Blackburn, Judge.

W. C. Kinslow was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Sturgeon & Sturgeon, of Paris, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for transportation of intoxicating liquor; the punishment being one year in the penitentiary.

Neither statement of facts nor bills of exception appear in the record. The indictment charges the offense. All proceedings will be presumed to have been regular in the absence of complaint. Nothing is presented for review.

The judgment is affirmed.

---

### GREGORY v. STATE. (No. 10577.)

(Court of Criminal Appeals of Texas. Jan. 19, 1927.)

1. Criminal law ⚖➝938(1)—One seeking new trial for newly discovered evidence must show diligence and likelihood of different result.

One seeking new trial on ground of newly discovered evidence must show that failure to discover evidence prior to trial was not because of lack of diligence, and that it would likely produce different result on another trial.

2. Criminal law ⚖➝939(3)—Newly discovered evidence which questioning of witness or inquiry of officers would have brought out held not to require new trial.

Defendant in liquor case *held* not entitled to new trial for newly discovered evidence, where proper diligence would have discovered new witnesses before trial either by questioning known witness or making inquiry of officers.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

John Gregory was convicted of selling intoxicating liquor, and he appeals. Affirmed.

G. E. Richardson and B. A. Hamilton, both of Jasper, and J. A. Mooney, of Woodville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for the sale of intoxicating liquor with punishment assessed at one year in the penitentiary.

Roy Booker and Albert Jones testified that in December, 1923, they bought from appellant a half gallon of whisky, which was to be divided equally between the purchasers, for which they were to pay $2.50 each. The whisky was in a half gallon container which Booker carried to his house. Jones never received his part of the whisky. Booker testified that he delivered Jones' part to one Gilbert and Matthews directing them to take it to Jones. If we understand the record it shows that the last two negroes (Gilbert and Matthews), when detected by the officers with the whisky in their possession, destroyed it. One of them was put in jail. He told the officers they bought the whisky from Booker. Booker was then arrested and confined in jail. After a few days he gave information that

he and Jones had purchased the whisky from appellant. Gilbert and Matthews were not present at the trial. Appellant filed a motion for new trial setting up that he had no knowledge of their connection with the matter until it was disclosed during the trial, and contended then and now that he was entitled to a new trial for the alleged newly discovered evidence of these two witnesses. He appends to his motion their affidavits, and upon hearing the motion they were each called and testified. Matthews testified that he bought a quart and a pint of whisky from Booker and agreed to pay him $4 therefor. Upon cross-examination he admitted that Booker told him he had bought the whisky that afternoon and said he wanted to send Jones some of it. Gilbert testified that they got some whisky at Booker's house, but does not claim to have witnessed the transaction between Booker and Matthews, but said he heard Matthews tell Booker that he (Matthews) would pay $4 for the whisky. It is appellant's contention that if he had the testimony of Matthews and Gilbert to the effect that the whisky found in their possession was purchased from Booker it would tend to defeat the state's case made by the testimony of Booker and Jones that they had purchased the whisky from appellant.

[1, 2] It is a well-understood rule that one seeking a new trial upon the ground of newly discovered evidence must show that a failure to discover the evidence prior to the trial was not because of lack of diligence, and also that it would likely produce a different result upon another trial. We deem it unnecessary to discuss the latter feature, because we think diligence was lacking in not discovering the evidence before the trial. The offense is alleged to have occurred in December, 1923. The indictment was returned the early part of January, 1924. The case was not tried until June, 1926. The state introduced evidence showing that immediately after the transaction out of which the prosecution grew appellant disappeared from his home, and although the officers made search for him they failed to find him for some time. The record nowhere shows that appellant or his counsel made proper effort to ascertain the circumstances leading up to the charge against appellant of selling liquor to Booker and Jones. They were known to be witnesses. It is not shown that they were ever interrogated or were ever sought to be interrogated, relative to the matter, or that they refused in any way to disclose facts which would have led to the discovery of the witnesses Gilbert and Matthews. It appears that an officer arrested either Gilbert or Matthews and placed him in jail, and that he was in jail at the same time state's witness Booker was being held there. An inquiry from the officers would have disclosed this incident and led to the discovery of Gilbert and Matthews. At the time of trial the officer said he did not then remember the names of the two parties; but stated he had placed one of them in jail. It occurs to us that proper diligence would have prompted an inquiry which if followed up would have discovered the two witnesses whose evidence is now claimed to have been newly discovered.

We think appellant does not bring himself within the rule of newly discovered evidence as recognized in Nothaf v. State, 91 Tex. Cr. R. 378, 239 S. W. 215, 23 A. L. R. 1374, and the cases therein referred to. O'Hara v. State, 57 Tex. Cr. R. 577, 124 S. W. 95; McDowell v. State, 96 Tex. Cr. R. 512, 258 S. W. 186; Trigg v. State, 99 Tex. Cr. R. 376, 269 S. W. 782. For further collation of authorities, see Branch's Ann. Tex. P. C. pp. 124–131, inclusive.

Finding no error in the record, the judgment is affirmed.