### RAFAEL QUINTANA V. THE STATE.

No. 11134.   Delivered January 24, 1928.

Rehearing denied February 15, 1928.

**1.—Manslaughter—New Trial—Newly Discovered Evidence—Improperly Refused.**

Where, in his motion for a new trial, appellant attached the affidavits of two newly discovered witnesses, whose testimony appears very material and important to his defense, and diligence being shown to discover the testimony before the trial, it was an error to refuse him a new trial.  See Gregory v. State, 290 S. W. 276, and other cases cited.

ON REHEARING BY STATE.

**2.—Same—No Error Disclosed.**

The State's motion for rehearing being considered, nothing is presented therein that is persuasive that our original disposition of his case was not proper, and the motion is overruled.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for manslaughter, penalty three years in the penitentiary.

The opinion states the case.

*Chas. Owen* and *Lyons Oppenheimer* of El Paso, for the State.   On newly discovered evidence as ground for new trial, appellant cites Benson v. State, 168 S. W. 89; Gray v. State, 144 S. W. 284; Man v. State, 44 Tex. Crim. Rep. 642; Owens v. State, 33 S. W. 875, and Cooley v. State, 165 S. W. 192.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for three years.

J. Quintana, father of appellant, had been sent by the sheriff's department to a dance, where it was his duty to keep order. Deceased had been removed from the dance by Quintana and taken to the corner of the house.   According to appellant's testimony, deceased was drunk and disorderly, but as viewed by the state's witnesses he was sober and orderly.   While at the corner of the house deceased was shot in the back by appellant. A witness for the state testified that when Quintana was taking deceased to the corner of the house he, Quintana, fell, and at the time deceased and appellant were near him; that he did not know whether Quintana was holding deceased at the time he, Quintana, fell; that at that time Quintana was standing about

two feet from deceased and that appellant was standing about three or four feet from them; that when Quintana fell deceased "ducked" and that appellant fired upon him three times; that deceased fell when appellant fired the first shot; that at the time of the firing deceased had his back toward appellant. The appellant's testimony shows that some time prior to the difficulty Quintana took a bottle of liquor away from deceased and threw it away, and that deceased said that he would get him another bottle; that at the time appellant shot deceased, according to appellant's testimony, his father, Quintana, was on the ground and deceased was kneeling on his chest in the act of striking him in the head with a bottle, and that when he fired deceased dropped the bottle. The state's testimony showed that deceased was searched immediately after the shooting and found to be unarmed and that there was no bottle near the place where the shooting occurred or on deceased's person. The record does not disclose whether deceased had secured another bottle of liquor after Quintana had taken a bottle away from him, and further does not disclose that deceased had made any threats against Quintana.

In his amended motion for a new trial, appellant alleged, in substance, that new evidence material to his defense had been discovered since the trial; that one Fernando Perez, as shown by the affidavit attached to the motion, would testify that he saw Quintana, father of appellant, take a bottle of liquor away from deceased about an hour before the shooting; that deceased told Quintana that he would get another bottle; that immediately thereafter, deceased came to Perez and asked him to loan him a pistol, saying that he wanted to kill Quintana; that Perez did not let him have the gun; that deceased seemed to be very angry at Quintana; that Perez later saw deceased at the dance, and that he appeared to be watching Quintana; that Federico Apodaca, as shown by his affidavit attached to the motion, would testify that shortly before the shooting deceased seemed angry at Quintana; that Apodaca said to deceased, "Jose, what are you doing?"; that deceased pulled a bottle from his bosom and showed it to the witness, saying, "This is for Mr. Quintana." As showing diligence, appellant alleged that neither he nor his father knew of the presence of the witness Apodaca at the dance, and did not know of the existence of the facts he would testify to until the witness voluntarily disclosed such facts to one Francisco Munez; that Munez did not disclose said facts to the father of appellant until after the trial; that appellant and his father made diligent effort to obtain such testimony

and all testimony material to the defense. Attached to the motion for a new trial are the affidavits of the witnesses setting forth the facts substantially as alleged in the motion. There is also attached to the motion the affidavit of Quintana, father of appellant, in support of the averments concerning diligence in securing the absent testimony.

The court heard evidence on the motion. Apodaca was not interviewed until after the trial. However, he did not disclose the facts within his knowledge until after the trial, as he did not want to become a witness. While it is shown that a great many of those present at the dance were antagonistic to appellant and his father, the testimony discloses that the names of all present could have been obtained by the use of reasonable diligence. In this condition of the record, appellant is not within the rule of newly discovered evidence as to Apodaca. The affidavit of appellant's father to the effect that he interviewed Perez before the trial and that he refused to divulge to him any information within his knowledge, is uncontroverted by the state's testimony. As shown by the affidavit of Perez, the facts he would testify to are material to appellant's defense and would probably change the result of the trial. In our opinion appellant brought himself within the rule of newly discovered evidence as to this witness. Gregory v. State, 290 S. W. 176; Anderson v. State, 93 Tex. Crim. Rep. 634; Henson v. State, 74 Tex. Crim. Rep. 283. It follows that appellant should have been granted a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing filed by counsel for the state is accompanied by neither argument nor citation of authorities challenging the correctness of the conclusion announced upon the original hearing. However, the matter has been reconsidered, and the opinion is expressed that in the judgment heretofore entered the correct disposition of the appeal has been made.

The motion is overruled.

*Overruled.*