FOWLER HOWLE v. THE STATE.

No. 13061. Delivered April 2, 1930.
Reported in 26 S. W. (2d) 651.

The opinion states the case.

*Britton & Wherry* and *Bozeman & Cathey,* all of Quitman, and *Jones & Jones* of Mineola, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, two years in the penitentiary.

Jim Morgan, the injured party, was severely cut and stabbed during a fight at a country dance. He testified as to the beginning of the difficulty in part as follows: "Just before I got to the car I heard somebody behind me say 'you G— d— s— of a b———, I will cut your head off' and I turned around to see who it was and it was him, Fowler Howle, and he had hit at me. I was walking off from him when he said that to me. He was behind me at that time. When I turned he struck at me with a knife and cut me in the neck." He also testified that Fowler Howle's brother cut him during the altercation.

The appellant's plea was self-defense and he introduced testimony to show that prosecuting witness attacked him first, using a pair of brass knucks. A sharp issue was made as to who began the difficulty. Appellant admitted cutting the injured party with a knife, and no issue exists as to this fact.

The serious question in the case is the one of newly discovered evidence. It is made to appear that two witnesses who were subpoenaed and in attendance at the trial had both either refused or evaded the questions of appellant's attorneys and would not divulge that they knew that the injured party, Morgan, had brass knucks and used them on the appellant during the fight. Their affidavits are appended to the motion for new trial testifying to these facts and that they did in fact see such knucks but did not reveal such fact when questioned by appellant's counsel during the trial but did so reveal same after the trial. The effect of the affidavit of one of these tended further to show that appellant began the difficulty. Appellant's counsel gave testimony relieving them from a lack of diligence in discovering what these witnesses knew prior to the trial. It was a hotly contested issue, both as to who began the difficulty and as to the use of brass knucks by appellant. The materiality of this testimony is apparent. We think the appellant has brought

himself within the rule announced in Anderson v. State, 248 S. W. 681, and that the Court's action in overruling the appellant's motion for new trial was error. See also: Henson v. State, 168 S. W. 89; Gainer v. State, 232 S. W. 830; Cottrell v. State, 237 S. W. 928; Mireles v. State, 204 S. W. 861; Russell v. State, 242 S. W. 217.

There are thirty bills of exception shown in the transcript. Practically all of them are of such a general nature as not to entitle them ·to consideration. To illustrate the general character of these bills, we quote without its formal parts literally Bill No. 16:

"That while the State's witness John Bill McIntosh was testifying on cross-examination, he was asked by counsel for the defendant if he had not heard Jim Morgan say that Charlie Housenfluke had stolen sixty dollars from him, to which said question and any answer thereto the State objected and said objection was by the Court in all things sustained, if said witness had been permitted to answer said question he would have testified that he heard Jim Morgan say that Charlie Housenfluke had on one occasion stolen sixty dollars from him."

The rules governing bills of exception have been tersely and correctly stated in Texas Jurisprudence and from this authority we quote:

"A bill of exception complaining of the admission of evidence must show that the ruling admitting the evidence was erroneous, and prejudicial to the rights of the appellant, and must set out so much of the surrounding facts and circumstances as may be necessary for that purpose." 4 Tex. Jur., Paragraph 214.

Again:

"In accordance with the general rule, a bill of exception complaining of the admission of evidence must be complete within itself. It must in and of itself disclose all that is necessary to manifest the supposed error, and the court must be able to determine from the bill itself, without reference to the statement of facts, or other parts of the record, whether the objection was well founded." 4 Tex. Jur., Paragraph 217. See also 4 Tex. Jur., Paragraph 216.

Tested by these rules, we think that appellant's bills of exception are insufficient.

As further illustrating the nature of appellant's complaints, bill of exception No. 25 alleges error "Because the Court erred in the 17th paragraph of his charge to the jury, because the same limits, circumscribes and destroys the meaning and effect of paragraph

No. 16 of said charge, in that the court connects paragraph 17 with paragraph 16 specifically." Paragraph 16 presents the law of self-defense and Paragraph 17 the law of provoking the difficulty. There was no objection to the submission of the issue of provoking the difficulty nor to the form and manner of its submission by the court, the only objection being as shown above that the Court erred in connecting it with Paragraph 16. Naturally it is and ought to be connected since it is a limitation upon the law of self-defense. Manifestly the exception is too general to require consideration of any errors in the charge except as pointed out. Houseton v. State, 95 Tex. Crim. Rep. 596; Vernon's C. C. P. (1925), Art. 666, Note 62, for full collation of authorities.

If any charge is hereafter given on provoking the difficulty it should follow the rule laid down in the following cases: Woodard v. State, 111 S. W. 941; Mason v. State, 88 Tex. Crim. Rep. 642; Garner v. State, 89 Tex. Crim. Rep. 486.

For the error pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.