## HARRY HENRY v. THE STATE.

No. 18865.   Delivered March 17, 1937.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for statutory rape, punishment being 10 years in the penitentiary.

The offense is alleged to have been committed upon Juanita Looney in February, 1936. Prosecutrix testified to three acts of intercourse with appellant, the first being the latter part of March, 1936, and two subsequent acts, all occurring in appellant's room at his boarding house. The State elected to prosecute on the act in March. Prosecutrix made some pretense that she was forced by appellant to go to his room on this occasion, and that she made some resistance to his advances, and that her subsequent visits to his room were because of threats made by appellant against her and her family. Under the record, her claim of force and threats can not be seriously considered. She admitted that after the act of intercourse in March appellant gave her a dollar. She says, "He made me take a dollar." In March, 1936, prosecutrix was fifteen years and three months old. Appellant did not testify. The defense interposed was that prosecutrix was not a chaste female by reason of an act of intercourse which she had willingly engaged in with appellant in 1934. (See Art. 1183 P. C.; Cloninger v. State, 91 Texas Crim. Rep., 143, 237 S. W., 288; Pinkerton v. State, 92 Texas Crim. Rep., 449, 244 S. W., 606; Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W., 991; Lyons v. State, 94 Texas Crim. Rep., 566, 252 S. W., 518; Booker v. State, 116 Texas Crim. Rep., 561, 28 S. W. (2d) 150). Upon the trial prosecutrix was asked upon her direct examination about the transaction in 1934 and admitted that she and Miss F. had gone to appellant's room, and that Miss F. went to the rest room, and while she was gone appellant pushed prosecutrix back on the bed and tried to get her dress up and his privates out, but that she kicked him in the stomach, jumped off the bed and ran out of the room. On cross-examination she denied that appellant had intercourse with her on the occasion mentioned. She also denied that she had ever told anybody that he did have intercourse with her on such occasion, and specifically denied that she had told the officers and the grand jury that he did have such act of intercourse. The sheriff and one of his deputies testified that while they were investigating the matter prosecutrix told them that the first time appellant had intercourse with her was upon the occasion mentioned. Two of the grand jurors also testified that when prosecutrix was before the grand jury she testified that appellant had intercourse with her on said occasion, but claimed it was not a "completed" act, but that he did penetrate

her privates. The court, in substance, instructed the jury that if prosecutrix had prior to March, 1936, had intercourse with her consent with appellant or any other man, appellant should be acquitted. We confess that in view of the entire record and especially the testimony of the officers and the grand jurors, we are at some loss to account for the verdict of the jury.

Appellant's motion for new trial was based in part upon his claim of newly discovered evidence from Miss F. heretofore referred to. Her affidavit was attached to the motion for new trial and she also testified upon the hearing of the motion as did also the attorney for appellant. Appellant's attorney testified, in substance, that he had information (which we presume came from appellant) that the witness knew something of the prosecutrix's former chastity and of the incident which had occurred in 1934. The attorney went to interview Miss F. on two occasions prior to the trial and on each occasion Miss F. denied that anything occurred showing or indicating that appellant and prosecutrix had engaged in an act of intercourse in appellant's room at the time Miss F. went there with prosecutrix; that after her denial the attorney did not have her subpoenaed as a witness; that on the night after the verdict of the jury was returned he again went to the home of Miss F. and stated to her that he felt sure she had concealed from him things which she knew were material to appellant's defense and asked if she did know such things if she would not tell him about the entire matter. Upon that occasion Miss F. admitted to him that she had concealed from him the things that she did know that were material to appellant's defense, and gave him the information contained in her affidavit and as testified to by her upon the hearing of the motion for new trial. Her testimony, in substance, was as follows: That she had gone with prosecutrix to appellant's room in 1934 and that she had occasion to go to the rest room, and that when she left appellant's room he and prosecutrix were lying across the bed; that witness was gone about five minutes and that when she came back into the room appellant was lying on the bed and prosecutrix was just raising up to a sitting posture, and was in the act of pulling up her "step-ins;" that witness saw prosecutrix's bare legs when she entered the room, and saw her in the act of re-adjusting her underclothes; that prosecutrix did not appear to be angry or excited, but was in a good humor and that when they later left the room prosecutrix said to appellant, "Goodbye, we will be seeing you;" that prosecutrix was not angry when she left.

It is recited in the bill complaining of the court's action in denying a new trial that the testimony of Miss F. and appellant's attorney heard on the motion was not controverted, and that said attorney did make the inquiries of Miss F. as related by him. It appears from the bill that the court overruled the motion on the ground that the testimony of Miss F. was not newly discovered because appellant knew of her presence on the occasion in question and should have known what the witness would have testified, and because the court was of opinion due diligence had not been used to procure her testimony because no subpoena had been issued for said witness. The learned trial judge fell into error. It is undisputed that the witness had concealed from counsel the facts known to her which would have benefited appellant, for the very understandable reason that witness did not want to get mixed up in court in such a case. Even though the attorney may have believed she was concealing facts beneficial to his client, certainly the attorney should not be held lacking in diligence for failing to have a subpoena issued for said witness in view of her repeated denial to him. The court says appellant should have known what the witness would have testified. He is of course held to have known what the facts were, but the witness had repeatedly denied that she would testify to such facts. Cases directly in point are Quintana v. State, 108 Texas Crim. Rep., 669, 2 S. W. (2d) 268; Yarbrough v. State, 95 Texas Crim. Rep., 36, 252 S. W., 1069. Where witnesses were present at the trial but concealed facts known to them their evidence has been held newly discovered. See Anderson v. State, 93 Texas Crim. Rep., 634, 248 S. W., 681; Gregory v. State, 105 Texas Crim. Rep., 674, 290 S. W., 176; Gainer v. State, 89 Texas Crim. Rep., 538, 232 S. W., 830; Howle v. State, 114 Texas Crim. Rep., 612, 26 S. W. (2d) 651.

We are not in accord with the court's further reason for overruling the motion for new trial because he was of opinion if the testimony of Miss F. be given on the trial it would not probably have affected the result because she would not have testified to an act of intercourse between appellant and prosecutrix, but only to suspicious circumstances. They were so very suspicious that when considered in connection with the testimony of the sheriff and deputy and the grand jurors as to prosecutrix's statement to them it appears to us the outcome of the case might be vitally affected. Neither can we agree that the testimony of said witness was cumulative. No

other witness gave testimony to the facts which said witness would have related.

Appellant requested the following special instruction: "You are instructed that if you find and believe from the evidence that the defendant had an act of intercourse with the prose-cuting witness in the year of 1934 as testified about by the witnesses, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty. By the term 'act of intercourse' as used herein is meant any degree of penetration, however slight, of the person of prosecuting witness by defendant." Under the facts we are of opinion the substance of said charge should have been given.

For the errors mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*