EUGENE DAVIS V. STATE.

No. 26,171. March 11, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 6, 1953.

*Hood & Hood,* by *Jack Hood,* Borger, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON MOTION TO REINSTATE APPEAL.

MORRISON, Judge.

At a prior day of this term, the appeal herein was dismissed. The record has now been perfected; the appeal is reinstated; and the case will be considered on its merits.

The prosecutrix, who had been married fifteen years, testi-

fied that her automobile hit a high center as she returned to her country home late at night and that she was unable to free it. She stated that she expected her husband along shortly and waited there in the automobile for him. She said that some short while thereafter an automobile drove up behind her and that a young man, who she later identified as appellant's brother and co-indictee, tapped on the window and offered his help. She told how she moved over and let the young man under the wheel, and at the same time appellant got in on the right side of the automobile, with a can of beer in his hand, and offered her a drink, which she declined. She stated that some effort was made to move the automobile, but that it proved futile; that appellant put his arm around her; and that his brother put his hand on her leg and started up her dress. Prosecutrix testified that she reached over appellant's brother to her left, opened the door, and pushed him out of the automobile, and that she was pushed to the ground, where she was ravished a number of times. She stated that appellant and another co-indictee, Kirkendall, held her while appellant's brother stripped off her underclothes and had intercourse with her; then, appellant and his brother held her while Kirkendall attacked her; and, then, appellant's two co-indictees left her alone with him. She stated that her resistance was sufficient for a long time to protect herself from the appellant alone, even though he beat and choked her. She told how, during the course of his attack upon her, the appellant, being unable to penetrate her, inserted his finger in her vagina and lifted the lower portion of her body off the ground, saying that if he could not get it in, he would tear a hole in her big enough to permit him to do so. Prosecutrix testified that she threatened, fought, and plead with the accused, but that he stated that they were used to doing girls that way in Dallas and that they had never been caught. She stated that after a long struggle with the accused, during which time he made several efforts to satisfy himself, his brother came back and held her, so that appellant was finally able to consummate the act about sunup.

Prosecutrix testified that, during the course of her struggle, she had gotten a leather case out of appellant's shirt pocket and slipped it under a rock; that at sunup appellant and his two companions left her, going toward their automobile; and that she then picked up a billfold lying on the ground and walked across the hills to her home about a mile away.

Prosecutrix's husband, who had preceded her home the night

before and gone straightway to bed, testified that his wife woke him up at daylight and informed him that she had been raped. He described her condition as battered and bruised, bleeding and swollen, and stated that she was on the verge of hysteria. He related that he immediately called the deputy sheriff, returned with his wife to the scene of the attack, and there met the deputy sheriff and recovered the leather case hidden by his wife. He testified that, while they were investigating at the scene, the deputy sheriff left abruptly and went some distance down the road to a parked automobile, where he took three men into custody and carried them away.

Dr. Stephens testified that he examined prosecutrix shortly after the attack and found her to be in a highly nervous condition. He stated that her lips were cut and swollen, her neck and body bruised and swollen, and her vagina was bleeding inside and out.

The leather case was shown to contain a receipt issued to appellant, while the billfold contained a draft card and a picture of him.

Deputy Sheriff Love testified that while at the scene of the attack he noticed the appellant and his companions come up from a water hole on a nearby creek and go to the parked automobile and that he hurriedly went to the automobile and placed them under arrest.

Appellant testified in his own behalf and admitted that he alone had an act of intercourse with the prosecutrix, but claimed that the same was had at her invitation and with her acquiescence. His defense was that the prosecutrix proposed the act of intercourse, lay down on the ground, and prepared herself for him. Appellant was, however, unable to give any explanation of her battered and bruised condition.

Appellant's two co-indictees both testified, without any objection by the state, and supported the appellant's testimony. They, too, were unable to explain her condition.

The jury resolved the issue of consent against the accused, and we find the evidence amply supports the verdict.

Appellant's present counsel did not participate in the trial of the cause. They assert three grounds for reversal. We have

heretofore disposed of their contention as to the insufficiency of the evidence and will now discuss their contention that the court committed fundamental error in his charge.

No objections were made to the charge during the course of the trial. We observe, however, that appellant's complaint is that his affirmative defense was not properly submitted in that the court failed to charge on the degree of resistance required of the prosecutrix. Appellant's defense was that of oral solicitation and consent. The court properly charged on force, as defined in Article 1184, P. C., and then charged that if the prosecutrix, by words, act or conduct, which could reasonably be calculated to cause the appellant to believe that he had her consent to have intercourse with her, and so believing the appellant had such intercourse, they should find him not guilty.

An affirmative defensive charge on degree of resistance is not called for in this case, because that issue was not raised by the evidence.

Appellant next complains of the failure of the trial court to grant him a new trial so that he might secure the testimony of one Roberts.

We find no exception to the trial court's refusal to grant a continuance on account of the absence of Roberts.

Appellant testified that Roberts was with them on the night in question, but left before the act of intercourse took place. We can conceive of no theory under which this might be called newly discovered evidence. There was no concealment by Roberts of his knowledge, as we found in Henry v. State, 132 Tex. Cr. R. 148, 103 S. W. 2d 377, cited by appellant.

Finding no reversible error, the judgment of the trial court is affirmed.