In The

Court of Appeals

Ninth District of Texas at Beaumont

____________________

NO. 09-02-490 CR
____________________

ALFONSO MORENO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 88th District Court
Hardin County, Texas
Trial Court Cause No. 15,597




MEMORANDUM OPINION

         Alfonso Moreno was found guilty by a jury of having committed the offense of
Aggravated Sexual Assault. See Tex. Pen. Code Ann. § 22.021(a)(1)(A), (a)(2)(B)
(Vernon 2003). He was sentenced to confinement in the Texas Department of Criminal
Justice--Institutional Division for a term of thirty years. Moreno presents four issues for
review.
         Moreno’s first two issues complain of legal and factual insufficiency of the evidence
to support his conviction. In a legal sufficiency review, an appellate court views the
evidence in a light most favorable to the verdict and determines whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The standard of review for
factual sufficiency is whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination of guilt, or is so against the overwhelming weight
of the evidence as to render the verdict manifestly unjust. King v. State, 29 S.W.3d 556,
563 (Tex. Crim. App. 2000). 
         Both appellate review standards require the court to look at all the evidence,
regardless of whether properly or improperly admitted. See Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999)(legal sufficiency); Young v. State, 976 S.W.2d 771, 773
(Tex. App.--Houston [1st Dist.] 1998, pet. ref’d)(factual sufficiency). When an appellant
challenges the legal sufficiency of the evidence by asking a court to view less than all of
the evidence, an appellant presents nothing for review. See Fuller v. State, 827 S.W.2d
919, 930-931 (Tex. Crim. App. 1992). We see no reason why the same analysis should
not apply to a factual sufficiency review. 
 
         Within his combined sufficiency argument in his brief, Moreno raises several other
points. These issues would be multifarious if they had been intended to embrace separate
grounds for appellate review. See Foster v. State, 101 S.W.3d 490, 499 (Tex. App.--Houston [1st Dist.] 2002, no pet.). In combining separate grounds in a single appellate
issue, Moreno requests relief based only on the claimed insufficiency of the evidence. See
id. We will review all preserved arguments presented as support for the legal and factual
sufficiency issues. 
         Initially, we reject Moreno’s complaint that his out-of-court statement was
insufficiently corroborated thereby failing to establish the corpus delicti of the offense. As
the Court of Criminal Appeals recently decided based upon facts similar to the instant case,
“That the crime occurred in a slightly different manner than appellant described in his out-of-court statement is immaterial to the determination whether the corpus delicti rule has
been satisfied. It has.” Salazar v. State, 86 S.W.3d 640, 646 (Tex. Crim. App. 2002). 
         Similarly, we reject Moreno’s argument that the variance between his out-of-court
statement and the amended second count in the indictment depletes all evidentiary value
from the statement. The statement was relevant and probative. It described a sexual
assault on the same victim. See Tex. R. Evid. 401, 402, and 404(b). We also find no
merit in Moreno’s contention that Ms. Garrison’s testimony and State’s Exhibit 3 were
inadmissible under Cole v. State, 839 S.W.2d 798 (Tex. Crim. App. 1990). In Cole, the
“testing” expert was not present to testify at trial, and the issue was the admissibility of
the expert’s report. Id. at 799. Here, the nurse examiner testified at trial to the substance
of what was in her report. Cole is not applicable. 
         Finally, we find no merit to Moreno’s hearsay-within-hearsay argument with respect
to State’s Exhibit 3. Both State’s Exhibit 3 and Ms. Garrison’s testimony regarding her
examination of the victim were admissible under Tex. R. Evid. 803(4). The statements
referred to were made for purposes of diagnosis, included a description of the “present
symptoms,” and included “the inception or general character of the cause or external
source thereof.” 
         The State called three witnesses in its case against Moreno: Detective Dan
Sanderson of the Hardin County Sheriff’s Office; Brenda Garrison, a certified nurse
examiner; and the victim’s step-mother, Jamie Moreno. Moreno did not present any
evidence in his defense.
         State’s witness Brenda Garrison testified she was a certified and licensed nurse
examiner in the State of Texas. She further stated that probably 800 of the approximately
1000 sexual assault exams she has conducted have been on children under the age of
twelve. The sexual assault exam on the victim, R.M., was done on November 15, 2000. 
During the exam, it was established that R.M.’s date of birth was March 30, 1988, which
would have made her twelve years old at the time of the exam. Garrison testified that the
exam of the victim indicated forced penetration of the female sex organ and healed trauma,
but no trauma was noted to the victim’s anal area. 
         Ms. Garrison also testified to the fact that during the exam the victim related that
she was afraid of Moreno. The following testimony then took place: 
 Q.[State] At any time during, maybe not at this exact time when you were
asking these questions, did she ever indicate, you know, to you who the
perpetrator was on the sexual assault?
 
A.[Garrison] She gave that to me in her history. Not a name. I didn’t ask
for a name.
 
[Hearsay objection overruled.]
 
A. If it’s okay, I’ll just read what she stated. (Reading) Child stated quote,
His front part went in my front part. She pointed to her vaginal area. The
first time was in Louisiana. The second time was in Kountze. He made me
sleep with him. I went to bed with panties on and he took them off. Child
stated she was mad at her mommy for not calling or being around.

Garrison testified that the victim stated her “dad” was the perpetrator of the sexual assault,
and that there was no history of anyone else sexually assaulting the victim. The victim
also indicated to Garrison that the last incident of sexual assault occurred two years prior
to the exam. Garrison further described in detail the trauma inflicted. 
         Aside from the testimony of Sanderson and Garrison, two documents of an
incriminating nature were also introduced into evidence over objection: State’s Exhibit 2,
which was a written statement made by Moreno to Sanderson in which Moreno admitted
to anal penetration of the victim, and State’s Exhibit 3, which indicated the types of sexual
assaults on the victim engaged in by Moreno. At the conclusion of the State’s case, the
defense rested, and the State elected to proceed only on the amended second count in the
indictment. 
         Any rational trier of fact could have found each of the essential elements of
aggravated sexual assault proven beyond a reasonable doubt. Moreno asserts that we
should not consider Garrison’s testimony or State’s Exhibit 3, but in a sufficiency of
evidence review an appellate court must review all the evidence. As the defense presented
no evidence we have little record evidence to weigh against the guilty verdict under a
factual sufficiency analysis. Even under a neutral review of the evidence we cannot say
the proof of guilt is so “obviously weak” as to undermine confidence in the jury’s verdict. 
We overrule issues one and two. 
         Issue three complains of the trial court’s “definition” of “penetration” provided to
the jury in the court’s written instructions. The instruction appears as follows: “One of
the elements in this case is ‘penetration.’ You are instructed that penetration is complete
however slight.” The cases that have dealt with this issue have determined that this
instruction is not a comment on the weight of the evidence, but rather is a correct statement
of the law and a proper instruction in a sexual assault case. See Sherbert v. State, 531
S.W.2d 636, 637 (Tex. Crim. App. 1976); Henry v. State, 132 Tex. Crim. 148, 103
S.W.2d 377, 380 (1937); Wilson v. State, 905 S.W.2d 46, 48-49 (Tex. App.--Corpus
Christi 1995, no pet.); Rawlings v. State, 874 S.W.2d 740, 744 (Tex. App.--Fort Worth
1994, no pet.); Zuniga v. State, 811 S.W.2d 177, 180 (Tex. App.--San Antonio 1991, no
pet.); Galloway v. State, 716 S.W.2d 556, 557 (Tex. App.--Waco 1986, pet. ref’d). We
overrule issue three.
         The final issue alleges improper comments by the State during its opening
statement. In reviewing whether improper comments by the prosecutor during opening
statement constitute reversible error, an appellate court must determine whether, when
viewed in conjunction with the record as a whole, the statement was so prejudicial as to
deny appellant a fair trial. Herrera v. State, 915 S.W.2d 94, 97 (Tex. App.--San Antonio
1996, no pet.). A prosecutor’s opening statement is authorized by Tex. Code Crim.
Proc. Ann. art. 36.01(a)(3) (Vernon Supp. 2003). The opening statement should inform
the jury of the nature of the accusation and the facts which are expected to be proved by
the State. See Taylor v. State, 947 S.W.2d 698, 706 (Tex. App.--Fort Worth 1997, pet.
ref’d). 
         In the instant case, Moreno complains of three instances in the State’s opening
remarks. The first appears to have been an attempt to inform the jury why the victim
would not be testifying at trial. Although the trial court sustained Moreno’s objection,
Moreno did not move for the trial court to instruct the jury to disregard the State’s
comment. Instead, Moreno immediately moved for a mistrial, which was denied by the
trial court. Moreno’s objections and the trial court’s response imply that the State may not
have been able to prove why the victim was absent from trial. Nevertheless, we do not
see how the comments denied Moreno a fair trial under the circumstances. 
         Moreno’s second complaint of improper opening remarks centers on the anticipated
testimony of Brenda Garrison and the contents of State’s Exhibit 3. Moreno’s objection
was to the effect that the evidence was subject to a motion to quash which would be heard
later, and the State’s mention of the evidence was error. The trial court overruled
Moreno’s objection. The State was permitted to introduce Ms. Garrison’s testimony
concerning her examination of the victim, and State’s Exhibit 3 was admitted into
evidence. The State’s opening remarks, in the light of the whole record, were not so
prejudicial as to deny Moreno a fair trial. 
         Finally, Moreno complains of the State’s comment regarding the many exceptions
to the hearsay rule. Moreno objected to the State explaining the law to the jury. The trial
court overruled the objection with the comment “The Court will make the decision on the
admissibility of the evidence, but this is opening statement. The statement has been
invited, and I’ll overrule it.” There is no explanation of how the State’s comment was
“invited.” The State did not make any further attempt to explain the law of hearsay. 
Again, considering the record as a whole as we must, we do not see how the State’s
opening statement was so prejudicial as to deny Moreno a fair trial. We overrule issue
four. 
         Having overruled all issues presented, we affirm the judgment and the sentence of
the trial court.
         AFFIRMED.
                                                                           PER CURIAM

Submitted on October 6, 2003
Opinion Delivered October 15, 2003
Do Not Publish

Before McKeithen, C.J., Burgess, and Gaultney, JJ.