

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### PD-0738-14

**JOSEPH LESTER GREEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### MEDINA COUNTY

**RICHARDSON, J., filed a dissenting opinion in which HERVEY, J., joined.**

## DISSENTING OPINION

I agree with the majority that the trial court erred by including in the jury charge a detailed definition of "female sexual organ" and an explicit instruction regarding what constitutes "penetration." Instructing the jury on those terms exceeded what is allowed by Article 36.14[1] of the Code of Criminal Procedure and under this Court's holding in *Kirsh v.*

---

[1] TEX. CODE CRIM. PROC. art. 36.14.

*State*.[2] However, I disagree with the majority's harm analysis. Because I believe that these jury charge errors did cause some harm to the defendant, I would affirm the decision of the Fourth Court of Appeals. Respectfully, I dissent.

Trial courts are limited in what they are permitted to include in the jury charge. Article 36.14 allows the court to give the jury only "the law applicable to the case." In *Kirsch*, this Court held that "if a jury-charge instruction 'is not derived from the [penal] code, it is not 'applicable law' under art. 36.14."[3] I believe that combining the detailed definition of "female sexual organ" that was included in the jury charge, with the instruction regarding what evidence would constitute "penetration" of a "female sexual organ," impermissibly guided the jurors in their decision.

In *Brown v. State*,[4] this Court held that, despite the legal accuracy of an instruction, if it improperly "singles out a specific type of evidence and tells the jury that it may infer an element of the crime" from that evidence, then such instruction is erroneous.[5] These definitions requested by the State—the terms "female sexual organ" and "penetration"—were not derived from any statute, treatise, or dictionary, but were crafted by the State using case

---

[2] 357 S.W.3d 645, 651 (Tex. Crim. App. 2012).

[3] *Id.* (quoting *Walters v. State*, 247 S.W.3d 204, 214 (Tex. Crim. App. 2007)).

[4] 122 S.W.3d 794 (Tex. Crim. App. 2003).

[5] *Id.* at 800-01 *cited with approval in Kirsch*, 357 S.W.3d at 652.

law. The record reflects that, during the jury charge conference, the State's requested definition of "female sexual organ" came from an unpublished 2001 Dallas court of appeals decision, *Ralph v. State*.[6] In *Ralph* the definition of "female sexual organ," was slightly less detailed, which indicates that the State in this case embellished the "legal" definition of that term for submission to the jury because it benefitted its case. *Vernon v. State*,[7] is mentioned by the trial court as the source for the penetration instruction. Although the defense presented the trial court with a more commonly used penetration instruction that some courts have held not to be a comment on the weight of the evidence—"penetration is complete, however slight,"[8]—the trial court agreed to include the more detailed penetration language from *Vernon*. As this Court holds today, the trial court erred in doing so.[9]

Our rule with regard to jury charge instructions and definitions, as set out in *Kirsch*,

---

[6] No. 05-00-00706-CR, 2001 WL 522009, at *2 (Tex. App.—Dallas May 17, 2001, pet. ref'd) (mem. op., not designated for publication).

[7] 841 S.W.2d 407 (Tex. Crim. App. 1992).

[8] *Wilson v. State*, 905 S.W.2d 46, 48 (Tex. App.—Eastland 1995) (citing to *Henry v. State*, 103 S.W.2d 377, 380 (Tex. Crim. App. 1937)); *Galloway v. State*, 716 S.W.2d 556, 557 (Tex. App —Waco 1986) (citing to *Henry v. State*, 103 S.W.2d 377, 380 (Tex. Crim. App. 1937); *Rawlings v. State*, 874 S.W. 2d 740, 744 (Tex. App.—Fort Worth 1994) (citing to *Henry v. State*, 103 S.W.2d 377, 380 (Tex. Crim. App. 1937); *Wilson v. State*, 905 S.W.2d 46, 48-49 (Tex. App.—Corpus Christi 1995) (citing to *Henry v. State*, 103 S.W.2d 377, 380 (Tex. Crim. App. 1937).

[9] The State was not without the ability to guide the jury on the meaning of these terms. As we said in *Kirsch*, "[it is] the responsibility of the advocates to argue or refute that the evidence supports [the elements] of the offense." 357 S.W.3d at 652.

is a good one and provides guidance to the bench and bar. Subject to limited exceptions,[10] terms that are included within the statutory definition of an offense and set forth in the jury charge should not be further defined in the charge unless such terms are defined by statute or code. In this case, the State's requested definitions, which had no legitimate legal or technical source, improperly impinged on the jury's fact-finding authority by limiting the jurors' understanding of what evidence could constitute "penetration" of the "female sexual organ." Therefore, I agree with the Court that the trial court erroneously included these instructions in the jury charge.

However, I do not agree that such error was harmless. I would hold that these jury charge errors caused "some harm" under *Almanza v. State*.[11] "Some harm" must be found if the error was "calculated to injure the rights of the defendant."[12] A defendant is entitled to be convicted upon a correct statement of the law.[13] When the trial court fails to correctly charge the jury on the applicable law, "the integrity of the verdict is called into doubt."[14]

---

[10] Such as in *Celis v. State*, 416 S.W.3d 419, 433-34 (Tex. Crim. App. 2013) ("foreign legal consultant") and *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000) ("arrest").

[11] 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (In analyzing whether appellant was harmed, the reviewing court must examine (1) the jury charge as a whole; (2) the arguments of counsel; (3) the entirety of the evidence; and (4) any other relevant factors present in the record.).

[12] *Id.*

[13] *Hutch v. State*, 922 S.W.2d 166, 174 (Tex. Crim. App. 1996), *overruled on other grounds by Gelinas v. State,* 398 S.W.3d 703 (Tex. Crim. App. 2013).

[14] *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).

"Some harm" under the *Almanza* analysis means any harm.[15] In this case, the presence of *any* harm, regardless of degree, which results from a charging error that has been preserved at trial, is sufficient to require reversal of appellant's conviction.

In analyzing harm, the majority seems to focus only on the terms at issue—"female sexual organ" and "penetration." After first holding that the trial court erred in instructing the jury on those terms, in finding no harm the majority effectively says, not really, because the definitions used by the court were just common meanings of those terms. This seems incongruous with the Court's decision that giving the instructions in the first place was erroneous. The jury was given the option of convicting appellant of the lesser-included offense of indecency with a child by sexual contact, which involves only touching, but not penetration. Since the jury was given the option of convicting appellant of either aggravated sexual assault of a child (penetration), or indecency with a child (touching), and the jury chose to convict him of the greater offense, the issue of penetration was clearly the key to the jury's decision.[16] Therefore, I would hold that providing the jury with an explanation of what they should consider when deciding guilt or innocence, and whether to convict on the greater

---

[15] *Hutch*, 922 S.W.2d at 171, *overruled on other grounds by Gelinas v. State,* 398 S.W.3d 703 (Tex. Crim. App. 2013); *Arline v. State*, 721 S.W. 2d 348, 351 (Tex. Crim. App. 1986).

[16] Indecency with a child is a second-degree offense, with a maximum punishment of 20 years. Aggravated sexual assault of a child is a first-degree offense with a maximum punishment of life. Appellant was given a 24-year sentence. Therefore, it could not be said that he was sentenced within the range of the indecency offense.

offense (penetration) or the lesser-included offense (touching), caused some harm to appellant.

The majority also notes that the testimony of a police officer, and the testimony of a SANE nurse, support a finding of no harm, since the jury instructions of "female sexual organ" and "penetration" simply repeat the information that was before the jury through these witnesses. However, an instruction from the trial court that essentially echos witness testimony is exactly the type of instruction that constitutes a comment on the weight of the evidence.

I believe the Fourth Court of Appeals correctly held that including the definitions of "female sexual organ" and "penetration" in the court's charge to the jury focused the jury's attention on the specific type of evidence that would support a finding of the contested element of penetration, and, in doing so, had an "influence in determining the jury's verdict."[17] I would affirm the decision of the Fourth Court of Appeals. Therefore, respectfully, I dissent.


FILED:      December 16, 2015
PUBLISH

---

[17] *Green v. State*, 434 S.W.3d 734, 738 (Tex. App.—San Antonio 2014) (quoting *Trevino v. State*, 100 S.W.3d 232, 243 (Tex. Crim. App. 2003)).