# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00101-CR

**Jason James Robinson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 79219, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jason James Robinson challenges his conviction for sexual assault of a child. Tex. Penal Code § 22.011(a)(2). After the jury found him guilty, the trial court assessed punishment at twelve years' imprisonment. *Id.* § 12.33. Robinson contends in his sole issue on appeal that the trial court erred by not including, on its own initiative, a definition for "penetration" in the jury charge. We will affirm the trial court's judgment of conviction.

### BACKGROUND[1]

Trisha Rain[2] testified that when she was fifteen, she reconnected with Robinson over social media. Robinson was a childhood friend that Rain thought of like an older sibling. Robinson was nineteen years old at the time. A couple weeks after Rain reconnected with

---

[1] We recite only the relevant facts necessary to resolve the presented issue.

[2] Because the victim in this case was a minor when the offense was committed, we refer to her using a pseudonym. *See* Tex. R. App. P. 9.10(a)(3).

Robinson, Rain's grandmother drove her to Robinson's house. Rain believed she would be helping Robinson with some work around the house and catching up. Rain testified that Robinson took her to a bedroom and alternated between speaking with her and working. Robinson expressed that he wanted to kiss Rain multiple times. Rain told him "no," but eventually she became "annoyed at the fact that he kept mentioning it," and "eventually gave in." Rain testified that Robinson did not stop at kissing, started touching her hips, and expressed that he wanted to have sex with her. Rain told him "no." Rain testified that Robinson removed her shorts, moved her underwear to the side, and penetrated her vagina with his penis. Rain was in pain and began to cry. Robinson asked her if she was okay and after Rain told him that she was not okay, he stopped. Rain called her grandmother to pick her up. Rain testified that she told two friends about the assault a couple days later. Rain told her grandmother about a week later. Rain's grandmother took her for a medical examination. Rain's grandmother reported the assault to the police. On cross examination, defense counsel asked Rain about a medical report that included a note that stated that Rain's underwear had stayed on and that Rain did "not think there was any penetration." Rain explained that the note was in error and that she never told the nurse there was no penetration. Rain testified that there was penetration and that she told a medical professional at the clinic that she had experienced pain in her vagina. When asked if the pain was caused by Robinson's penis penetrating her vagina, she answered, "yes."

During deliberations, the jury sent a note to the trial judge asking for "the elements that the State must prove" and stating, "Contradition [sic] of Part II in the charge penetration by 'Any Means.'"[3] After reaching an agreed answer with the parties, the trial court

---

[3] Part II of the charge was titled, "Sexual Assault of a Child," and instructed that:

responded that it could not answer the question and that the jury had all the evidence and then referred the jury to the charge. The jury returned a guilty verdict. Following a sentencing hearing, the trial court imposed a punishment of twelve years' imprisonment. This appeal followed.

## DISCUSSION

On appeal, Robinson contends that the trial court erred by not including, on its own initiative, a definition for "penetration" in the jury charge.

Jury charge error claims are reviewed under a two-pronged test in which the appellate court must determine: (1) whether the charge was erroneous, and (2) if there was an error, whether the error was harmful to the defendant. *Olivas v. State*, 202 S.W.3d 137, 143–44 (Tex. Crim. App. 2006); *Almanza v. State*, 686 S.W. 2d 157, 171 (Tex. Crim. App. 1985) (op. on rehearing). A trial court errs if it does not present the jury with "a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. art. 36.14; *see also Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) ("A trial judge is obligated to instruct on the law applicable to the case, for the trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions." (cleaned up)). A trial court's charge may not express any opinion on the weight of the evidence, summarize testimony, discuss the facts, or use any argument calculated to arouse the sympathy or excite the passions of the jury. Tex. Code Crim. Proc. art. 36.14. A trial court "must instruct on statutorily defined terms as the law

---

A person commits the offense of Sexual Assault of a Child if the person, regardless of whether the person knows the age of the child at the time of the offense, intentionally or knowingly causes the penetration of the sexual organ of a child by any means. "Child" means a person younger than seventeen (17) years of age.

3

applicable to the case." *Celis v. State*, 416 S.W.3d 419, 433 (Tex. Crim. App. 2013). However, "it is generally impermissible to instruct on terms not statutorily defined, and the trial court instead must permit the jury to construe them according to the rules of grammar and common usage." *Id.* "[A]n exception to that general rule exists for terms which have a known and established legal meaning, or which have acquired a peculiar and appropriate meaning in the law, as where the words used have a well-known common law meaning." *Green v. State*, 476 S.W.3d 440, 445 (Tex. Crim. App. 2015) (cleaned up).

Here, Robinson contends that the term "penetration" falls within the exception to the rule that a term that is not statutorily defined must not be defined for the jury. Robinson contends that because there is an established definition for "penetration" used in legal sufficiency analysis, the definition is also required to be included in the jury charge.

However, the Court of Criminal Appeals has previously considered and rejected these arguments and held that defining the term "penetration" in a jury charge is trial court error. *See id.* (agreeing with appellate court that "penetration" is common term that has not acquired technical meaning and should be interpreted by jury according to common usage, and holding that trial court providing definition was improper comment on weight of evidence).[4] Thus, we conclude that the trial court did not err by not including a definition of "penetration" in the jury charge.

---

[4] Robinson contends in his reply brief that *Henry v. State*, 103 S.W.2d 377 (1937), should control because it predates *Green* and because *Green* did not expressly overrule *Henry*. *See Green*, 476 S.W.3d at 440–46. In *Henry*, the Court of Criminal Appeals held that an instruction defining an "act of intercourse" as "any degree of penetration, however slight, of the person of prosecuting witness by defendant," should have been given to the jury. *Henry*, 103 S.W.2d at 380. However, the Court's analysis in *Henry* did not consider the jury charge issue under the framework of Article 36.14 of the Code of Criminal Procedure. Thus, *Green*, which analyzed the issue under the requirements of Article 36.14, is the proper controlling precedent for this case.

Because we have concluded there is no trial court error, we do not address the harm analysis in this case. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We overrule Robinson's sole issue on appeal.

## CONCLUSION

Because we overruled Robinson's sole issue, we affirm the trial court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   August 29, 2023

Do Not Publish