Gary WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–163–CR.

Court of Appeals of Texas,
Corpus Christi.

July 31, 1995.

Ann M. Marshall, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Gary Wilson, appeals his conviction for sexual assault of a child. After appellant pleaded not guilty, the jury found him guilty and the trial court assessed punishment at twenty years' confinement with a $10,000.00 fine. In two points of error, appellant challenges his conviction based on errors in the jury charge. Appellant argues that the trial court erred by refusing to submit the lesser-included offense of attempted sexual assault and by including a definition of penetration. We affirm.

On September 23, 1993, complainant, a sixteen year-old female, received permission from her parents to go out to eat and spend the night with her friend, appellant's daughter. Appellant, his son and daughter, and the complainant all went out to dinner. Before leaving appellant's apartment, however, the four began to drink margaritas. The drinking continued in the appellant's truck and at the restaurant. At some point after

dinner, the four drove to a beach in Port Aransas. Appellant's children got out of the car and began to visit with friends already at the beach. Complainant remained in appellant's truck. Appellant testified that while in the truck he began to kiss complainant and that he eventually touched and penetrated her genitalia with his fingers. Complainant denies that appellant digitally penetrated her on the beach. Sometime after this occurred, a Nueces County constable arrived and asked appellant to go home. Appellant retrieved his two children and left for his apartment.

When the four arrived at the apartment, appellant's kids went to their room to go to sleep. Both appellant and the complainant testified that they were drunk when they returned to the apartment. Appellant gave complainant a pillow and blanket and left her on the couch in the living room. Appellant went to his bedroom. Shortly thereafter, complainant was in appellant's bedroom and the two began to "wrestle" and kiss on the bed. The events that followed are in dispute. Complainant testified that she cannot remember getting to appellant's bedroom or remember exactly what happened. She did remember, however, that she woke up when she heard a loud banging on the front door, and that she hurried to put on her clothes to follow appellant out of the bedroom to the living room. The only thing she remembers before getting out of bed is waking up with appellant "on top" of her with his penis "inside me." She testified that the two were naked on the bed when she awoke. Appellant testified that he does not remember having sex nor taking off his clothes with complainant. He further testified that he did not remember having an erection and he did not intend to have sex. All he remembers is answering the front door fully clothed when he heard a loud knocking. Appellant also testified that he is an insulin dependent diabetic; therefore, because he was drinking heavily, he was unable to achieve an erection.[1]

In his first point of error, appellant complains that the trial court erred by refusing to submit the lesser included offense of attempted sexual assault in the jury charge. Appellant argues that he presented evidence

---

1. Appellant also testified that alcohol has a great deal of sugar which complicates his diabetic condition. Appellant testified that he had previously

"blacked out" after drinking and had to be hospitalized.

that he did not have sex with complainant, but merely attempted to do so. Appellant also asserts that he presented sufficient evidence to show that he was unable to achieve an erection, and thus, could not have penetrated complainant in the apartment.

Before an instruction on a lesser included offense is warranted, two elements must be satisfied: 1) the lesser included offense must be included within the proof necessary to establish the offense charged and 2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994). While a jury may selectively believe all or part of the evidence at trial, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser offense is warranted. *Id.* at 24.

The State argues that appellant has failed to meet the second prong of the test. The jury was instructed that a person commits sexual assault if they intentionally or knowingly cause the penetration of the female sexual organ of a child by any means. TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 1989). Appellant contends that he presented some evidence that he was unable to have an erection, and he could not have penetrated the complainant. Thus, appellant contends, the lesser included offense of attempted sexual assault should have been included in the jury charge.

While appellant testified that when he drinks heavily he has trouble achieving an erection, he also testified that he could not remember whether he had an erection or whether he could achieve an erection on September 23. Appellant simply testified that he could not remember having sex that night. He testified that the first thing he remembers after kissing complainant on the bed was answering his door fully clothed. Appellant presented no evidence that he was actually unable to or did not penetrate the complainant in his apartment with his penis. Appellant merely speculates that because of

his medical condition coupled with his heavy drinking that he probably could not have achieved an erection. Appellant did not testify that he did not penetrate. Appellant simply testified that he could not remember. Even if the jury believed appellant, there is no evidence in the record that would permit a jury rationally to find that if the defendant was guilty, he was guilty only of the lesser offense.

We recognize, additionally, that an erection is not a necessary requisite for penetration. *See e.g. Thornton v. State*, 734 S.W.2d 112, 113 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) (penetration under sexual assault of a female child may be accomplished with any part of accused's body). Here, appellant could have been convicted if the jury found beyond a reasonable doubt that appellant penetrated complainant with any part of his penis. Simply because appellant may not have been able to have an erection, that possibility does not indicate that appellant did not penetrate complainant with his penis. If appellant placed his non-erect penis inside complainant, penetration still occurred. The trial court did not err in refusing to submit the lesser included offense of attempted sexual assault to the jury. Point one is overruled.

By point two, appellant complains that the trial court erred by defining penetration in the jury charge. Appellant specifically complains that penetration was improperly defined and that it was an improper comment on the weight of the evidence.

In the jury charge, the trial court instructed that "penetration is complete, however slight." This exact language, however, has been held to be a proper instruction in the charging instrument of a sexual assault case. *Henry v. State*, 132 Tex.Crim. 148, 103 S.W.2d 377, 380 (1937); *Rawlings v. State*, 874 S.W.2d 740, 744 (Tex.App.—Fort Worth 1994, no pet.); *Galloway v. State*, 716 S.W.2d 556, 557 (Tex.App.—Waco 1986, pet. ref'd.); *see also Campos v. State*, 172 Tex.Crim. 179, 356 S.W.2d 317, 319 (1962).

First, we agree with the *Rawlings* decision which held that this instruction was

not a definition. *Rawlings,* 874 S.W.2d at 744. The trial court simply instructed the jury that the penetration element of the State's case would be satisfied if penetration occurred, however slight. Furthermore, the instruction was not a misstatement of the law. *Id.; see Sherbert v. State,* 531 S.W.2d 636, 637 (Tex.Crim.App.1976); *Zuniga v. State,* 811 S.W.2d 177, 180 (Tex.App.—San Antonio 1991, no pet.) (penetration is proven by showing penetration, no matter how slight). The instruction was not an improper definition.

■ Second, the instruction was not an improper comment on the weight of the evidence. Appellant complains that the trial court should have included the words "if any" after penetration in the instruction. Appellant, therefore, wanted the instruction to read, "penetration, if any, is complete, however slight." Yet, the language in the charge simply instructed the jury how the State had to prove the element of penetration. It did not inform or advise the jury that penetration had occurred in the case nor that appellant had done so at any time. The instruction came directly after the specific elements of the offense and did not further elaborate with a definition of penetration. The instruction cannot be said to have even nudged the jury into believing penetration occurred unless they actually believed it did take place. In *Henry,* the Court of Criminal Appeals held that the jury should be charged that, "act of intercourse means any degree of penetration, however slight, of the person of [the] prosecuting witness by the defendant." *Henry,* 103 S.W.2d at 380. We find that the instruction was not an improper comment on the weight of the evidence. Point number two is overruled.

Judgment of the trial court is AFFIRMED.