NO. 07-11-00026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 27, 2011

RICHARD N. TREVINO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 65376; HONORABLE FANCY H. JEZEK, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Richard N. Trevino, was convicted of aggravated sexual assault of a child[1] and sentenced to twenty years' imprisonment. On appeal from his conviction, he complains that the trial court erred by refusing to include a charge of the lesser-included offense of criminal attempt to commit aggravated sexual assault of a child. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.021(a) (West 2011).

Factual and Procedural History

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we provide only so much of the factual background as is necessary to provide a context and to address appellant's issue. When she was in sixth grade, V.H. was the only passenger on the school bus that appellant drove. The two talked regularly. After V.H. moved to a different bus route in the seventh grade, fifty-two-year-old appellant made arrangements to take then thirteen-year-old V.H. to various extra-curricular activities, making certain to take longer routes and to arrange stops so that V.H. was either the last remaining or the only passenger on the bus. The two began to talk regularly by phone and exchanged text messages and letters. Their relationship eventually took on certain romantic characteristics.

In the spring of 2009, appellant drove V.H. to a newly-developed neighborhood, parked the bus, and began kissing and touching her as he had done in the past. He removed V.H.'s pants and kissed and touched her "genital area." At a later encounter, appellant once again removed her pants and penetrated her vagina with his penis for, according to V.H., about fifteen seconds.

Appellant was charged with aggravated sexual assault of a child.[2] After hearing evidence, the jury was instructed that "[a] person commits the offense of Sexual Assault if the person intentionally or knowingly causes the penetration of the sexual organ of a

_____

[2] In companion case, Trevino v. State, 07-11-00027-CR, appellant was convicted of indecency with a child by contact. Because appellant's appeals from these cases were not consolidated on appeal and were not briefed together, we address the issue raised in that case by separate opinion.

child by any means." See TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). The trial court refused to include appellant's proposed instruction on attempted aggravated sexual assault.

After the jury found appellant guilty, appellant appealed, complaining of the trial court's refusal to include the instruction on attempted aggravated sexual assault. Specifically, appellant contends that V.H.'s equivocation when asked directly about appellant's erection and appellant's earlier complaint to his doctor regarding "erectile difficulties" constitute evidence that would call on the trial court to include in its jury charge a charge of attempted aggravated sexual assault of a child. We will overrule his point of error and affirm the trial court's judgment of conviction.

Standard of Review and Applicable Law

Before an instruction on a lesser-included offense is warranted, an appellant must satisfy two elements: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. See Young v. State, 283 S.W.3d 854, 875 (Tex.Crim.App. 2009); Bignall v. State, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994). While a jury may selectively believe all or part of the evidence at trial, it is not sufficient that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser offense is warranted. Bignall, 887 S.W.2d at

In making this determination, we review all of the evidence presented at trial. <u>Young</u>, 283 S.W.3d at 875.

Analysis

The State correctly concedes that appellant's contention satisfies the first prong of the two-pronged test. <u>See</u> <u>id.</u> Having reviewed the law on this issue, we conclude that the State's concession is well-taken and move on to the second prong where we must determine if the record contains some evidence that, if appellant was guilty, he was guilty only of the lesser-included offense of attempted aggravated sexual assault. <u>See</u> <u>id.</u>

Appellant points to two portions of the record to support his contention that the evidence raised attempted aggravated sexual assault of a child: (1) V.H.'s testimony that she did not notice whether appellant's penis was erect at the time of penetration and (2) appellant's complaint made a year before the incident to his doctor about erectile difficulties.

A sister court has addressed this precise issue on a record containing similar evidence. <u>See</u> <u>Wilson v. State</u>, 905 S.W.2d 46, 48 (Tex.App.—Corpus Christi 1995, no pet.). In <u>Wilson</u>, the appellant contended that the trial court should have submitted to the jury the lesser-included offense of attempted sexual assault because he presented some evidence that he was unable to achieve an erection and, therefore, could not have penetrated the complainant. <u>Id.</u> The court recognized that "an erection is not a necessary requisite for penetration." <u>Id.</u> The court went on to explain how, even if the

jury believed Wilson, the record contained no evidence that would permit the jury rationally to find that, if he was guilty, he was guilty only of the lesser offense:

> Here, appellant could have been convicted if the jury found beyond a reasonable doubt that appellant penetrated complainant with any part of his penis. Simply because appellant may not have been able to have an erection, that possibility does not indicate that appellant did not penetrate complainant with his penis. If appellant placed his non-erect penis inside complainant, penetration still occurred.

Id. The court ultimately concluded that the trial court did not err in refusing to submit to the jury the lesser-included offense of attempted sexual assault. Id.

Similarly, here, we have V.H.'s testimony that she was unsure of whether appellant's penis was erect, and we have appellant's prior complaint to his doctor that he was experiencing "erectile difficulties" a year before the incident in question occurred. So, at most, the record shows that appellant *may* have had erectile difficulties a year earlier. Such evidence has no bearing on whether appellant penetrated V.H.'s vagina. See Frans v. State, No. 07-10-00384-CR, 2011 Tex. App. LEXIS 5202, at *1–2 (Tex.App.—Amarillo July 8, 2011, no pet. h.) (mem. op., not designated for publication) (citing Vernon v. State, 841 S.W.2d 407, 409 (Tex.Crim.App. 1992), and Luna v. State, 515 S.W.2d 271, 273 (Tex.Crim.App. 1974)). Simply put, appellant's ability to achieve or maintain an erection is irrelevant to the issue of penetration. Such evidence, even if believed, would not permit the jury to conclude that, if appellant was guilty, he was guilty only of attempted aggravated sexual assault.

Appellant has, therefore, failed to satisfy the second prong of the applicable test. Accordingly, we overrule his sole issue on appeal

5

Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.