NO. 07-11-00026-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
27, 2011

 



 

RICHARD N. TREVINO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 426TH DISTRICT COURT OF
BELL COUNTY;

 

NO. 65376; HONORABLE FANCY H. JEZEK, JUDGE



 



 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Richard N. Trevino, was convicted of aggravated sexual assault of a child[1]
and sentenced to twenty years’ imprisonment. 
On appeal from his conviction, he complains that the trial court erred
by refusing to include a charge of the lesser-included offense of criminal
attempt to commit aggravated sexual assault of a child.  We will affirm.

 

Factual and Procedural History

            Because
appellant does not challenge the sufficiency of the evidence to support his
conviction, we provide only so much of the factual background as is necessary
to provide a context and to address appellant’s issue.  When she was in sixth grade, V.H. was the
only passenger on the school bus that appellant drove.  The two talked regularly.  After V.H. moved to a different bus route in
the seventh grade, fifty-two-year-old appellant made arrangements to take then
thirteen-year-old V.H. to various extra-curricular activities, making certain
to take longer routes and to arrange stops so that V.H. was either the last
remaining or the only passenger on the bus. 
The two began to talk regularly by phone and exchanged text messages and
letters.  Their relationship eventually
took on certain romantic characteristics.

            In
the spring of 2009, appellant drove V.H. to a newly-developed neighborhood,
parked the bus, and began kissing and touching her as he had done in the
past.  He removed V.H.’s pants and kissed
and touched her “genital area.”  At a
later encounter, appellant once again removed her pants and penetrated her
vagina with his penis for, according to V.H., about fifteen seconds.

            Appellant
was charged with aggravated sexual assault of a child.[2]  After hearing evidence, the jury was
instructed that “[a] person commits the offense of Sexual Assault if the person
intentionally or knowingly causes the penetration of the sexual organ of a
child by any means.”  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i).  The trial court refused to include
appellant’s proposed instruction on attempted aggravated sexual assault.

            After
the jury found appellant guilty, appellant appealed, complaining of the trial
court’s refusal to include the instruction on attempted aggravated sexual
assault.  Specifically, appellant contends
that V.H.’s equivocation when asked directly about appellant’s erection and
appellant’s earlier complaint to his doctor regarding “erectile difficulties”
constitute evidence that would call on the trial court to include in its jury
charge a charge of attempted aggravated sexual assault of a child.  We will overrule his point of error and
affirm the trial court’s judgment of conviction.

Standard of Review and Applicable Law

            Before
an instruction on a lesser-included offense is warranted, an appellant must
satisfy two elements: (1) the lesser-included offense must be included within
the proof necessary to establish the offense charged, and (2) some evidence
must exist in the record that would permit a jury to rationally find that, if
the defendant is guilty, he is guilty only of the lesser-included offense.  See Young v. State, 283 S.W.3d
854, 875 (Tex.Crim.App. 2009); Bignall
v. State, 887 S.W.2d 21, 23 (Tex.Crim.App.
1994).  While a jury may selectively
believe all or part of the evidence at trial, it is not sufficient that the
jury may disbelieve crucial evidence pertaining to the greater offense; there
must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser
offense is warranted.  Bignall, 887 S.W.2d at 23.  In making this determination, we review all
of the evidence presented at trial.  Young,
283 S.W.3d at 875.

Analysis

            The
State correctly concedes that appellant’s contention satisfies the first prong
of the two-pronged test.  See id.  Having reviewed the law on this issue, we
conclude that the State’s concession is well-taken and move on to the second
prong where we must determine if the record contains some evidence that, if
appellant was guilty, he was guilty only of the lesser-included offense of
attempted aggravated sexual assault.  See
id.

            Appellant
points to two portions of the record to support his contention that the
evidence raised attempted aggravated sexual assault of a child: (1) V.H.’s
testimony that she did not notice whether appellant’s penis was erect at the
time of penetration and (2) appellant’s complaint made a year before the
incident to his doctor about erectile difficulties.

            A
sister court has addressed this precise issue on a record containing similar
evidence.  See Wilson v. State,
905 S.W.2d 46, 48 (Tex.App.—Corpus
Christi 1995, no pet.).  In Wilson,
the appellant contended that the trial court should have submitted to the jury
the lesser-included offense of attempted sexual assault because he presented
some evidence that he was unable to achieve an erection and, therefore, could
not have penetrated the complainant.  Id.  The court recognized that “an erection is not
a necessary requisite for penetration.”  Id.  The court went on to explain how, even if the
jury believed Wilson, the record contained no evidence that would permit the
jury rationally to find that, if he was guilty, he was guilty only of the
lesser offense:

Here, appellant could have been convicted if the jury found beyond a
reasonable doubt that appellant penetrated complainant with any part of his
penis.  Simply because appellant may not
have been able to have an erection, that possibility does not indicate that
appellant did not penetrate complainant with his penis.  If appellant placed his non-erect penis
inside complainant, penetration still occurred.

Id. 
The court ultimately concluded that the trial court did not err in
refusing to submit to the jury the lesser-included offense of attempted sexual
assault.  Id.

            Similarly,
here, we have V.H.’s testimony that she was unsure of whether appellant’s penis
was erect, and we have appellant’s prior complaint to his doctor that he was
experiencing “erectile difficulties” a year before the incident in question
occurred.  So, at most, the record shows
that appellant may have had erectile
difficulties a year earlier.  Such
evidence has no bearing on whether appellant penetrated V.H.’s vagina.  See Frans
v. State, No. 07-10-00384-CR, 2011 Tex. App. LEXIS 5202, at *1–2 (Tex.App.—Amarillo July 8, 2011, no pet. h.) (mem. op., not designated for publication) (citing Vernon v. State, 841 S.W.2d 407, 409 (Tex.Crim.App. 1992), and Luna v. State, 515 S.W.2d
271, 273 (Tex.Crim.App. 1974)).  Simply put, appellant’s ability to achieve or
maintain an erection is irrelevant to the issue of penetration.  Such evidence, even if believed, would not
permit the jury to conclude that, if appellant was guilty, he was guilty only
of attempted aggravated sexual assault.

            Appellant
has, therefore, failed to satisfy the second prong of the applicable test.  Accordingly, we overrule his sole issue on
appeal

Conclusion

            Having
overruled appellant’s sole issue, we affirm the trial court’s judgment.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  

 











[1]
Tex. Penal
Code Ann. § 22.021(a) (West 2011).





[2]
In companion case, Trevino v. State,
07-11-00027-CR, appellant was convicted of indecency with a child by
contact.  Because appellant’s appeals
from these cases were not consolidated on appeal and were not briefed together,
we address the issue raised in that case by separate opinion.