# NO. 12-12-00066-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ADOLFO TURCIOS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Alfredo Turcios appeals his conviction for aggravated sexual assault of a child, for which he was sentenced to imprisonment for forty-five years. In three issues, Appellant argues that (1) the trial court admitted improper hearsay testimony from multiple witnesses, (2) the trial court submitted an erroneous instruction to the jury in its charge, and (3) the evidence is insufficient to support the jury's verdict. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of E.R., his then six-year-old daughter. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At trial, E.R. testified that in late 1992, she and her younger brother spent the night at Appellant's apartment. She further testified that she, her brother, and Appellant shared the same bed that night. According to E.R., while her brother slept, Appellant lifted her nightgown and touched her vagina. E.R. stated that Appellant next attempted to put his penis into her vagina. She further stated that this hurt her. E.R. also testified that she repeatedly told Appellant to stop, but he did not stop until her brother awakened. She was not certain whether Appellant's penis penetrated her vagina.

E.R.'s stepfather, A.D., testified, over Appellant's hearsay objection, to E.R.'s outcry statement to him.[1] City of Lufkin Police Department Detective Renea Cutler and former Child Protective Services Investigator Suzanne Carpenter each testified, over Appellant's hearsay objections, to E.R.'s account to each of them concerning the incident between her and Appellant.

Suhasini Malladi, M.D. testified that she examined E.R. in April 1993. Malladi stated that she did not find any irritation or marks on E.R., but noted that E.R.'s vaginal opening was a little larger than usual for a six-year-old girl. Malladi further stated that E.R.'s enlarged vaginal opening was "consistent with [its] being penetrated by a foreign object such as a penis."

Ultimately, the jury found Appellant "guilty" of aggravated sexual assault. The matter proceeded to a trial on punishment, after which the jury assessed Appellant's punishment at imprisonment for forty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.


### HEARSAY OBJECTIONS

In his first issue, Appellant argues that the trial court erroneously permitted A.D., Cutler, and Carpenter to testify to E.R.'s statements to each of them concerning the incident with Appellant. We review hearsay challenges to a trial court's admission of evidence under an abuse of discretion standard. *See Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006). We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

#### Outcry Statement

Hearsay is not admissible except as provided by statute or by the rules of evidence. *Davidson v. State*, 80 S.W.3d 132, 135 (Tex. App.–Texarkana 2002, pet. ref'd); *see Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 of the Texas Code of Criminal Procedure creates an exception to the hearsay rule for statements of child abuse victims if all the requisite conditions are met. *Dorado v. State*, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992). Article 38.072 provides that in sexual offense cases committed against a child fourteen years of age or younger, statements that were made by the alleged child victim to the first person, eighteen years of

---

[1] The record reflects that E.R. first spoke to her mother about the incident in January 1993. However, E.R.'s mother was killed in a car accident in March 1993. The evidence does not indicate specifically what E.R. told her mother.

age or older, other than the defendant, about the offense will not be inadmissible because of the hearsay rule.[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2012).   In order for this hearsay exception to apply to such a statement, on or before the fourteenth day before the proceedings begin, the party intending to offer the statement must notify the adverse party of its intention to do so, and provide the adverse party with the name of the witness through whom it intends to offer the statement and a written summary of the statement.  *See id.*   Moreover, the trial court must find, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement.  *See id.*   Additionally, the child must testify or be available to testify at the proceeding in court or in any other manner provided by law.  *See id.*   The trial court has broad discretion to determine whether the child complainant's statement falls within the hearsay exception.  ***Davidson***, 80 S.W.3d at 135.

### *A.D.'s Testimony*

Appellant argues that A.D.'s testimony should not have been admitted because (1) E.R.'s mother, to whom E.R. first spoke about the incident, was the proper outcry witness and (2) E.R. was twenty-five years old when she testified at trial and was able to testify in sufficient detail, thereby negating the necessity for any outcry witness testimony.

In construing Article 38.072, the court of criminal appeals has interpreted the phrase "statement about the offense" to mean that the outcry witness must be the first person, eighteen years old or older, to whom the child makes a statement "that in some discernible manner describes the alleged offense."  ***Garcia v. State***, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).   The statement must be more than words that give a general allusion that something in the area of child abuse was going on.  ***Id.***

In the instant case, the record reflects that E.R. first told her mother about the incident with Appellant.   However, E.R.'s mother was deceased at the time of trial, and there is no evidence of record concerning precisely what E.R. told her about the incident.   Therefore, the record does not reflect that E.R.'s statement to her mother amounted to more than words giving a general allusion that something in the area of child abuse had occurred.   Accordingly, we conclude that the trial court did not err in ruling that A.D. was an appropriate outcry witness on that basis.

---

[2] A previous version of Article 38.072 referred to sexual offense cases committed against a child twelve years of age or younger.   Because E.R. was six years old at the time of the incident in question, we refer to the current version of the statute for ease of reference.

We next consider Appellant's argument that there was no need for any outcry witness because twenty-five year old E.R. testified in sufficient detail concerning the event. Appellant describes this argument as one of "first impression." Indeed, there are no cases of which this court is aware that reach the conclusion Appellant advocates. Appellant's argument is based, in part, on the general principle that the victim's testimony alone is sufficient to sustain a conviction for sexual assault. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (en banc). While we agree with the general principle as set forth in *Garcia*, that principle does not limit the number of witnesses who may be called to testify against a defendant accused of aggravated sexual assault.

Appellant also cites *Davidson* and discusses that court's analysis of the reliability of an outcry statement. *See Davidson*, 80 S.W.3d at 139. However, at trial, Appellant did not make a "reliability" argument to the trial court. *See* TEX. R. APP. P. 33.1(a). Rather, citing *Davidson*, Appellant argued to the trial court as follows:

> The delayed outcry statements under 38.072, when the child is over 13 years of age at the time of trial, which she's 25, I'm required to object to the testimony based on the reasonable legal premise that Section 38.072 was enacted to cover only outcry statements made by a child while still 12 years old or younger at [the] time of trial. Support for that is found at 38.072, section 2(b)(2) and *Davidson*. That's all I've got.

Contrary to Appellant's argument, there is no requirement in Article 38.072 relating to the victim's age at the time of trial. Rather, Article 38.072 requires only that the child be younger than the requisite age at the time the offense is committed. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 1.[3] Based on our reading of the plain language of the statute, we hold that it does not prohibit the testimony of an outcry witness when the child victim is an adult at the time of trial.

*Cutler's and Carpenter's Testimony*

Appellant further argues that the trial court erred in admitting Cutler's and Carpenter's respective testimony concerning E.R.'s account of the incident because there is no evidence of a charge of recent fabrication or improper influence or motive.

---

[3] Article 38.072 makes multiple references to the "child," including its requirement that the child testify or be available to testify at the proceeding in court. It is reasonable to surmise that the legislature used the word "child" to refer back to the child against whom the offense was committed, *see* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 1, rather than requiring that the person testifying meet the legal definition of child. *See, e.g.,* TEX. PENAL CODE ANN. §§ 22.011(c)(1), 22.021(a)(2)(B) (West 2011 & Supp. 2012). There is no indication in the statute that the victim's age at the time of trial has any bearing on the admissibility of the testimony of an outcry witness.

4

Texas Rule of Evidence 801(e)(1)(B) gives substantive, nonhearsay status to prior consistent statements of a witness "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007). The United States Supreme Court has explained the four requirements that must be met for prior consistent statements to be admissible under Federal Rule of Evidence 801(d)(1)(B):

> (1) the declarant must testify at trial and be subject to cross-examination;
>
> (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony by the opponent;
>
> (3) the proponent must offer a prior statement that is consistent with the declarant's challenged in-court testimony; and
>
> (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*Id*. (citing *Tome v. United States*, 513 U.S. 150, 156–58, 115 S. Ct. 696, 700–01, 130 L. Ed. 2d 574 (1995)).[4] The rule sets forth a minimal foundation requirement of an implied or express charge of fabrication or improper motive. *Hammons*, 239 S.W.3d at 804. Even an attack upon the accuracy of the witness's memory might suffice to permit the introduction of a prior consistent statement. *Id*. In any event, there need be only a suggestion that the witness consciously altered her testimony in order to permit the use of earlier statements that are generally consistent with the testimony at trial. *Id*. The fact that "there need be only a suggestion" of conscious alteration or fabrication gives the trial court substantial discretion to admit prior consistent statements under the rule. *Id*. at 804–05. However, the rule cannot be construed to permit the admission of what would otherwise be hearsay any time a witness's credibility or memory is challenged. *Id*. at 805. If that were true, mere cross-examination would always turn the prior consistent statement into nonhearsay. *See id*. There is no bright line between a general challenge to memory or credibility and a suggestion of conscious fabrication, but the trial court should determine whether the cross-examiner's questions or the tenor of that questioning would reasonably imply an intent by the witness to fabricate. *Id*.

In the case at hand, Appellant engaged in several instances of cross-examination with numerous witnesses that the trial court could have reasonably concluded charged E.R. with

---

[4] The court of criminal appeals has previously stated that Texas Rule 801(e)(1)(B) mirrors the federal rule. *See Hammons*, 239 S.W.3d at 804 (citing *Campbell v. State*, 718 S.W.2d 712, 716–17 (Tex. Crim. App. 1986)).

fabricating her story concerning the incident with Appellant. Appellant began his cross-examining of E.R. by asking her about her favorite toy, her favorite food, games she played, and television programs she watched when she was six years old. Based on this line of questioning, it was reasonable for the trial court to conclude that Appellant sought to convince the jury that it was unreasonable that E.R. remembered the incident in question with such great detail, but could not recall the details of other things that might be important to a six-year-old child's daily existence. Appellant also asked E.R. about whether the prosecuting attorney had reviewed her testimony with her and had to remind her of any facts. Based on this line of questioning, it was reasonable for the trial court to conclude that Appellant sought to convince the jury that the prosecuting attorney had improperly influenced E.R.'s recollection of the facts.

Finally, Appellant questioned E.R. and several other witnesses about A.D.'s relationship with E.R.'s mother, which began while both of them were still married to other people. Appellant cross-examined A.D. about an altercation he had with Appellant at E.R.'s mother's workplace prior to E.R.'s relating the incident in question to her mother. Based on our review of the record, it was reasonable for the trial court to conclude that Appellant sought to convince the jury, based on the implication from this evidence, that E.R. fabricated her story about Appellant with the improper motive of eliminating Appellant's future involvement with their then-new family. Accordingly, we hold that the trial court reasonably could have concluded that Cutler's and Carpenter's respective testimony, in which they recount E.R.'s prior consistent statement to them concerning the incident between E.R. and Appellant, was not hearsay. *See* TEX. R. EVID. 801(e)(1)(B).

Appellant's first issue is overruled.

### JURY CHARGE INSTRUCTION ON "PENETRATION"

In his second issue, Appellant argues that the trial court improperly instructed the jury on the element of "penetration" in its charge because that term is not defined in the Texas Penal Code.

During the charge conference, Appellant argued that although in *Steadman v. State*, 280 S.W.3d 242, 247–48 (Tex. Crim. App. 2009), the court noted the definition of "penetration" applicable to the aggravated sexual assault statute, that case did not stand for the proposition that a jury instruction should be given on "penetration" based on that definition. Appellant further objected to the instruction "penetration is complete however slight," contending that the State merely

wanted the instruction to "buttress" its case against him. Appellant further argued that no definition of "penetration" was necessary and that the jury should be permitted to make that determination "based on the evidence." The trial court removed some language from the instruction that might allow the jury to find penetration by something other than Appellant's sexual organ. Ultimately, the trial court instructed the jury, over Appellant's continued objection, as follows:

> One of the elements in this case is "penetration." The burden is upon the State to prove each and every element of the offense, if any, beyond a reasonable doubt. You are instructed that penetration is complete however slight. Any penetration of the labia majoria [sic] of the female sexual organ by defendant's sexual organ is sufficient to meet the legal definition of penetration.

The trial court is required to deliver to the jury a written charge distinctly setting forth the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art 36.14 (West 2007). In so doing, the trial court shall not express any opinion as to the weight of the evidence, sum up testimony, discuss the facts, or use any argument in its charge calculated to arouse the sympathy or excite the passions of the jury. *Id.* A person commits aggravated sexual assault when he intentionally or knowingly causes the penetration of the sexual organ of a child by any means. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2012). We review alleged charge error by considering two questions: (1) whether error existed in the charge and (2) whether sufficient harm resulted from the error to compel reversal. *See Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).

We first note that instructing the jury on the element of "penetration" is not improper per se. *See, e.g., Wilson v. State*, 905 S.W.2d 46, 48 (Tex. App.–Corpus Christi 1995, no pet.) (citing *Henry v. State*, 103 S.W. 2d 377, 380 (Tex. Crim. App. 1937); *Rawlings v. State* 874 S.W.2d 740, 744 (Tex. App.–Fort Worth 1994, no pet.); *Galloway v. State*, 716 S.W.2d 556, 557 (Tex. App.–Waco 1986, pet. ref'd)). Further, the instruction "penetration is complete however slight" has been held to be a proper instruction in the charging instrument of a sexual assault case. *See Wilson*, 905 S.W.2d at 48; *see also Henry*, 103 S.W.2d at 380; *Rawlings*, 874 S.W.2d at 744; *Galloway*, 716 S.W.2d at 557.

Moreover, in *Steadman*, the court of criminal appeals stated as follows: "In *Vernon v. State*, we agreed with the State's contention that 'tactile contact beneath the fold of complainant[']s external genitalia amounts to penetration within the meaning of the Aggravated Sexual Assault statute, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'"" *Steadman*,

7

280 S.W.3d at 247–48 (citing ***Vernon v. State***, 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992)). The second part of the instruction given in the case at hand closely tracks the description of "penetration" as set forth in ***Steadman*** and ***Vernon***. Finally, neither of the "penetration" instructions given in the instant case amount to the trial court's expressing any opinion as to the weight of the evidence, summing up testimony, discussing the facts, or using any argument calculated to arouse the sympathy or excite the passions of the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14. Accordingly, we hold that the trial court did not err in submitting the aforementioned instruction on penetration in its charge. Appellant's second issue is overruled.


## EVIDENTIARY SUFFICIENCY

In his third issue, Appellant argues that the evidence is insufficient to support the jury's verdict. Specifically, Appellant contends that there is no evidence to support the element of penetration.

### Standard of Review

The ***Jackson v. Virginia***[5] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315-16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a

---

[5] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Penetration**

The State was required to prove beyond a reasonable doubt that Appellant penetrated E.R.'s sexual organ with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.0211(a)(1)(B)(i). Penetration may be established through circumstantial evidence, *see Villalon v. State*, 791 S.W.2d 130, 133–34 (Tex. Crim. App. 1990), and the slightest penetration is sufficient to uphold the conviction. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (quoting *Nilsson v. State*, 477 S.W.2d 592 (Tex. Crim. App. 1972); *Green v. State*, 209 S.W.3d 831, 832 (Tex. App.–Amarillo 2006, pet. ref'd). As set forth previously, penetration includes pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view even when one is naked. *See Vernon*, 841 S.W.2d 407 at 409.

In the case at hand, E.R. testified that Appellant lifted her nightgown and touched her vagina. She stated that Appellant next attempted to put his penis into her vagina. E.R. further stated that this hurt her. E.R. also testified that she repeatedly told Appellant to stop, but he did not stop until her brother awakened. E.R. was not certain whether Appellant's penis penetrated her vagina. The testimony offered by A.D., Cutler, and Carpenter as to what then six-year-old E.R. had related to them about the incident was, in pertinent part, largely the same as E.R.'s trial testimony. Finally, Malladi testified concerning her medical examination of E.R. in April 1993. Malladi noted that E.R.'s vaginal opening was a little larger than usual for a six-year-old girl. Malladi further stated that E.R.'s enlarged vaginal opening was "consistent with [its] being penetrated by a foreign object such as a penis."

We stress that penetration may be established through circumstantial evidence. *See Villalon*, 791 S.W.2d at 133–34. Based on our review of the entirety of the record, we conclude that E.R.'s testimony that Appellant repeatedly attempted to put his penis in her vagina, which caused her pain, coupled with Malladi's testimony that E.R.'s enlarged vaginal opening was consistent with its being penetrated by a foreign object such as a penis, would allow a jury reasonably to conclude that Appellant penetrated E.R.'s sexual organ with his sexual organ. *See, e.g.*, *Vernon*, 841 S.W.2d at 408-09 (evidence sufficient to uphold aggravated sexual assault conviction where victim testified that

9

(1) appellant touched outside of her vaginal area, (2) she did not feel his finger inside, and (3) she felt pain or discomfort).   Therefore, we hold that the evidence is sufficient to support the jury's verdict. Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the trial court's judgment.

### SAM GRIFFITH
Justice

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**APRIL 24, 2013**

**NO. 12-12-00066-CR**

**ADOLFO TURCIOS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th Judicial District Court
of Angelina County, Texas. (Tr.Ct.No.CR-24253)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 159TH DISTRICT COURT of ANGELINA COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 24th day of April, 2013, the cause upon appeal to revise or reverse your judgment between

**ADOLFO TURCIOS, Appellant**

**NO. 12-12-00066-CR; Trial Court No. CR-24253**

Opinion by Sam Griffith, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

By:_____
        Deputy Clerk

12